Argued and submitted March 2, reversed and remanded for new trial April 25, 1990

# STATE OF OREGON,
*Respondent,*

*v.*

# GREGORY A. SPENCER,
*Appellant.*

## (C88-02-30789; CA A60024)

790 P2d 1205

Donald P. Roach, Portland, argued the cause and submitted the brief for appellant.

Vera Langer, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

## EDMONDS, J.

Defendant appeals from a conviction for burglary in the first degree. ORS 164.225. He assigns as error the denial of his motion to suppress.[1] We reverse.

Police received a telephone call from a caller who described two suspicious men walking in the area of Northeast 29th and Wygant in Portland, possibly carrying a television in a plastic bag. Officers were dispatched to investigate. They observed defendant, who matched the description of one of the men and was carrying something in a plastic bag.[2] He was in an area that had a high burglary rate. There were no recent reports of burglaries or thefts in the area. The officers stopped their car next to defendant and asked him what was in the bag. He responded that his VCR was in the bag and that he had just retrieved it from a friend living "on Northeast 26th somewhere." Defendant became nervous and started to sweat profusely. The officers asked defendant to identify himself and to place the bag on the hood of the car. Defendant was then asked to sit in the back of the patrol car while the officers "checked things out." They opened the bag, examined the VCR and, by comparing serial numbers, determined that it was stolen. Defendant was arrested and charged with burglary. He moved to suppress the VCR as evidence. That motion was denied, and he was convicted. Defendant argues that the officers lacked probable cause to search the bag containing the VCR.

In order to search the bag, the officers needed probable cause. *State v. Verdine,* 290 Or 553, 556, 624 P2d 580 (1981). We conclude that there were insufficient circumstances to constitute probable cause to search the bag. The citizen who phoned the police called "suspicious" what the

---

[1] In the light of our disposition of this case, we do not address defendant's other assignment of error.

[2] The court found:

"This citizen report of this suspicious individual — suspicious conduct in carrying a television set in a bag; the police respond, see an individual matching the description or matching one of the descriptions and carrying an item in a garbage bag. Clearly — its print shows through the side of the garbage bag — clearly an item of electronic components, tape deck, tuner, VCR, something like that — you can tell not only by the shape by the weight of that as its pressed against the bag and the apparent effort needed to hold it up."

officers themselves had an opportunity to view. There was no report of a crime to cause the officers to believe that defendant had committed it. The officers' mere suspicion that the VCR might have been stolen could only be borne out by searching the bag. A suspicion, no matter how well founded, does not rise to the level of probable cause. *See State v. Verdine, supra,* 290 Or at 557. The state relies on *State ex rel Juv. Dept. v. Lesh,* 49 Or App 373, 619 P2d 935 (1980). There, two school age children were observed walking during school hours with a stereo component tipped on its end inside a wheel barrow. The stereo's wires had been cut visibly, and the children gave conflicting stories when questioned by the officer. Here, analogous facts demonstrating that a crime had been committed are lacking.

The state also argues that defendant consented to the search. The trial court made no findings regarding consent, and the record contains no evidence that would suggest that defendant consented.[3] The trial court should have granted defendant's motion to suppress.

Reversed and remanded for a new trial.

---

[3] The record reveals that the officers "asked [defendant] if it would be okay if he sat in the back of the patrol car for a while while we checked things out, and he said, yes." Defendant's response does not rise to the level of consent to search the bag.